08-5566-cv
Hyatt v. Metropolitan Transportation Authority

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of March, two thousand ten.

PRESENT:
          DENNIS JACOBS,
                    *Chief Judge,*
          JOHN M. WALKER, JR.,
          DEBRA ANN LIVINGSTON,
                    *Circuit Judges.*

————————————————————————————————————

Alexander Hyatt,

          *Plaintiff-Appellant,*

          v.                                        08-5566-cv

Metropolitan Transportation Authority,
Internal Revenue Service,

          *Defendants-Appellees.*

————————————————————————————————————

FOR PLAINTIFF-APPELLANT:     Alexander Hyatt, *pro se*,
                             Brooklyn, New York.

FOR DEFENDANTS-APPELLEES:     Kristen M. Nolan, Office of
                             the General Counsel, New
                             York City Transit

Authority, Brooklyn, New York; Bridget M. Rowan, Patrick J. Urda, Tax Division, Department of Justice, Washington, D.C.

Appeal from the United States District Court for the Eastern District of New York (Cogan, *J.*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and hereby is **AFFIRMED.**

Appellant Alexander Hyatt appeals from the district court's judgment dismissing the complaint. We assume the parties' familiarity with the facts, proceedings below, and specification of appellate issues and hold as follows.

This Court reviews *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). To survive a motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). With respect to Fed. R. Civ. P. 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction under Rule

12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

We affirm the district court's judgment dismissing the complaint for substantially the same reasons stated by the district court in its thorough and well-reasoned opinion.

As to the MTA's motion for sanctions, while Hyatt's arguments on appeal are clearly meritless, there is no indication that he was appealing the district court's judgment in bad faith, or that he has made similar arguments in federal courts in the past. *See, e.g.*, *In re 60 E. 80th St. Equities, Inc.*, 218 F.3d 109, 119-20 (2d Cir. 2000) (imposing sanctions because the appeal was taken in bad faith, and the appellant had raised identical frivolous arguments in at least three other federal courts). Accordingly, the MTA's motion for sanctions is hereby **DENIED** and the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk